UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Industrial Fiberglass Specialities,
Incorporated,**

                **Plaintiff,**

Case No. 3:08-cv-0351

v.                                               Judge Thomas M. Rose

**Alsco Industrial Products,
Incorporated, et al.,**

                **Defendants.**

---

**ENTRY AND ORDER GRANTING 212 RESOURCES, INCORPORATED'S
MOTION TO DISMISS FOR LACK OF JURISDICTION,** (DOC. 9),
**ORDERING CLERK TO DISMISS 212 RESOURCES, INCORPORATED
WITHOUT PREJUDICE AND TERMINATING CASE.**

---

The instant matter arises from an alleged breach of oral contract between Plaintiff Industrial Fiberglass Specialties, Inc. ("IFS") and Defendant 212 Resources, Inc., ("212 Resources") who is alleged to have not paid for services rendered. IFS alleges that on or about February 28, 2008, 212 Resources requested and offered to pay IFS to repair certain fiberglass reinforced plastic products located in the state of Wyoming and purchased by 212 Resources from Defendant Custom Mechanical Systems, Inc. ("Custom Mechanical").

After failing to receive payment for the repairs from either Custom Mechanical or 212 Resources, IFS filed a complaint against Defendant ALSCO Industrial Products, Incorporated

1

("ALSCO[1]"), Custom Mechanical and 212 Resources alleging breach of contract and unjust enrichment. (Doc. # 1.) On February 2, 2009, 212 Resources filed a motion pursuant to Rule 12(b)(2) and 28 U.S.C. § 1406 to Dismiss for Lack of Jurisdiction or Alternatively, to Transfer Venue. (Doc. # 9.) On February 18, 2009, IFS responded with its Opposition memorandum. (Doc. # 12.) On March 3, 2009, 212 Resources filed its response to the Opposition memorandum. (Doc. # 14.)

**RELEVANT LEGAL PROVISIONS**

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is made, the plaintiff has the burden of proving that jurisdiction exists. *Burnshire Development, LLC v. Cliffs Reduced Iron* Corp., 198 Fed. App'x 425, 429 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss.

When an evidentiary hearing is held, the Plaintiff must establish jurisdiction by a preponderance of the evidence. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). When there is no evidentiary hearing, as is the case here, the plaintiff must make only a prima facie showing and the pleading and affidavits, when in conflict, are viewed in a light most favorable to the plaintiff. *Burnshire*, 198 Fed. App'x at 429.

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *Id.* (citing *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000)).

---
[1] ALSCO was voluntarily dismissed by IFS from the Complaint on November 11, 2008.

2

First, the federal court must determine if the law of the forum state, Ohio in this case, provides personal jurisdiction. *Id.* If so, the federal court must then determine if the personal jurisdiction comports with due process. *Id.*

**RELEVANT JURISDICTIONAL EVIDENCE**

Plaintiff IFS is an Ohio corporation with its principle place of business in Dayton, Ohio. (Complaint at ¶ 1.) IFS is a custom manufacturer of, among other items, specialty corrosion resistant products, including fiberglass reinforced plastic products. (*Id.* at ¶ 8.)

Defendant 212 Resources is a Delaware corporation that maintains its principal place of business Midway, Utah and also conducts business in the states of Texas and Wyoming. (*Id.* at ¶ 4; Affidavit of James W. Schleiffarth ("Schleiffarth Aff.") at ¶ 2.) 212 Resources is in the business of providing flowback and produced water treatment services at natural gas drilling sites. (*Id.* at ¶ 3.) 212 Resources does not conduct or solicit any business in Ohio. (*Id.* at ¶ 4.) It has never contracted to provide goods or services in Ohio, does not maintain any employees or facilities here, and is not registered to do business in the state. (*Id.*) 212 Resources does not advertise for or solicit business in Ohio. (*Id.* at ¶ 5.) It owns no real estate, bank accounts, or personal property in Ohio. (*Id.* at ¶ 6.) It has no Ohio registered agent, post office box, or telephone listing. (*Id.* at ¶ 6.) 212 Resources does not provide any goods or services in Ohio. (*Id.* at ¶ 7.) 212 Resources has also never filed a lawsuit in any of the state or federal courts in Ohio. (*Id.* at ¶ 8.)

Defendant Custom Mechanical is a Georgia corporation and a customer of IFS. (Complaint at ¶ 3.)

Vacom, LLC ("Viacom") is a Georgia corporation affiliated with 212 Resources. (Defendant's Motion to Dismiss 2 n. 1.) Vacom has transacted business in Ohio in the past, but the instant matter is unrelated to those transactions. *Id*

On or about May 7, 2007, Vacom entered into a Fabrication Agreement with Custom Mechanical whereby Custom Mechanical agreed to manufacture and provide mechanical vapor recompression/flash evaporation systems to be used in the processing of produced water at drilling sites. (Complaint at ¶ 9.) Custom Mechanical, in turn, contracted with IFS for the production of certain fiberglass reinforced plastic products that were to be incorporated into those systems. (*Id*. at ¶¶ 9, 10.) Once complete, the integrated systems were shipped from Custom Mechanical's Georgia location to 212 Resources' water treatment facility in Wyoming. (*Id*. at ¶ 14.) At no time did 212 Resources enter into any written agreement with IFS, purchase any products directly from IFS, or travel to Ohio to meet with IFS. (Schleiffarth Aff. at ¶ 10.) In or about February 2008, shortly after Custom Mechanical had installed the three mechanical vapor recompression/flash evaporation systems at 212 Resources' Wyoming water treatment site, 212 Resources began experiencing leaks and pipe failures. (Complaint at ¶ 17.) At Custom Mechanical's request and direction, IFS sent repair technicians to perform onsite repairs in Wyoming. (*Id*. at ¶¶ 18, 19.)

IFS alleges that on February 28, 2008, a representative of 212 Resources telephoned IFS from Wyoming to request that IFS perform additional on-site repairs. (*Id.* at ¶ 20.) According to IFS, this representative said, "Just get out here, if Custom Mechanical will not pay you, I will." (*Id.*) IFS relied on this statement and traveled to Wyoming and performed repair work. (*Id.*) Prior to this phone call, IFS's President stated that representatives or agents of 212 Resources called him at least twenty times to discuss the problems with the products and appropriate

4

remedial actions that could be taken. (Morton Aff. at ¶¶ 4, 5.) IFS subsequently performed additional field service work in Wyoming but has yet to receive compensation from either Custom Mechanical or 212 Resources. (Compliant at ¶¶ 20, 22, 23.) IFS has valued the repair work performed at $167,778.12. (*Id.* at ¶ 31.)

There are no allegations by either IFS or 212 Resources that once the repair work was completed there would be any future or ongoing, substantive contacts between IFS and 212 Resources.

**PERSONAL JURISDICTION UNDER OHIO LAW**

The Sixth Circuit has explained that there are two kinds of jurisdiction that can be exercised, general jurisdiction and specific jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Youn*, 324 F.3d at 418. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id.*

Ohio does not recognize general jurisdiction over non residents. *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492 at *3 (S.D. Ohio June 13, 2007). In Ohio, jurisdictional analysis over non residents, such as the Defendants in this case, is based only upon specific jurisdiction that may be available under Ohio law. *Id.*

Specific jurisdiction under Ohio law is provided by Ohio's long-arm statute, Ohio Rev. Code § 2307.382. Ohio's long-arm statute enumerates nine (9) categories of conduct that subject an entity to personal jurisdiction in Ohio if a cause of action arises out of such conduct. *Shaker*

*Construction Group, LLC v. Schilling*, No. 1:08cv278, 2008 WL 4346777 at *2 (S.D. Ohio Sept. 18, 2008). In this case, IFS claims specific jurisdiction under one of these categories - section 2307.382(A)(1). Section 2307.382(A)(1) is as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state; ….

Section (A)(1) provides for personal jurisdiction as to a cause of action arising from the defendant or the defendant's agent transacting any business in Ohio. The Supreme Court of Ohio has indicated that Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Genesis Insurance Co. v. Alfi*, 425 F. Supp. 2d 876, 894 (S.D. Ohio 2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477 (Ohio 1990), *cert. denied*, 499 U.S. 975 (1991)). The Ohio Supreme Court has also indicated that the word "transact" means "to carry on business," and "to have dealings," and it is broader than the word "contract." *Kentucky Oaks*, 559 N.E.2d at 480. Further, when analyzing Section (A)(1), the court has no better guideline than the wording of Section (A)(1) and must rely upon a case-by-case determination. *Genesis*, 425 F. Supp. 2d at 894. However, the mere existence of a contract or the mere solicitation of business in Ohio is insufficient to confer jurisdiction under section (A)(1). *Burnshire*, 198 Fed. App'x at 431-32. There must be ongoing, substantive contacts. *Id.*

**FACTORS TO BE CONSIDERED**

Courts have considered two factors to help determine whether a non-resident defendant "transacted business" within the meaning of Ohio's long-arm statute. *Shaker Construction*, 2008 WL 4346777 at * 3. The first factor is whether the non-resident defendant initiated the business

dealing. *Id.* (citing *Paglioni & Assoc., Inc. v. Winnercomm, Inc.*, No. 2:06-cv-276, 2007 WL 852055 at *9 (S.D. Ohio Mar. 16, 2007)). If the non-resident reached out to the plaintiff in Ohio to create a business relationship, the non-resident transacted business in Ohio. *Id.* However, the question of who initiates the contact is but one factor to be considered and the determination is not always dependent upon who initiates the contact. *Military Supply, Inc. v. Reynosa Construction, Inc.*, No. 19326, 2000 WL 109783 at n.3 (Ohio Ct. App. Jan. 26, 2000). The balance of the evidence must be considered to determine in which jurisdiction the parties undertook their discussions and communications and on what terms. *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 209 (Ohio Ct. App. 2005). With regard to "reaching out," as a general rule, the use of interstate lines of communication such as mail and telephones does not automatically subject a defendant to the jurisdiction of the courts in the forum state. *Benjamin v. KPMG Barbados*, No. 03AP-1276, 2005 Ohio App. LEXIS 1860 at *P48 (Ohio Ct. App. Apr. 28, 2005).

The second factor to be considered is whether the parties conducted their negotiations or discussions in Ohio or with terms affecting Ohio. *Shaker Construction*, 2008 WL 4346777 at * 3. If the parties negotiated in Ohio with provisions affecting Ohio, the non-resident transacted business in Ohio. *Id.* However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Id.* (citing *Kentucky Oaks Mall*, 559 N.E.2d at 480).

**EXAMPLES**

Courts have found personal jurisdiction pursuant to section (A)(1) in a variety of circumstances. For example, section (A)(1) provides jurisdiction over an out-of-state defendant who breached a surety agreement that he had negotiated with an individual who was an Ohio resident when the surety agreement was negotiated and executed. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998), *cert. denied*, 525 U.S. 810 (1998). Section (A)(1) provides jurisdiction over former officers and directors of a non-Ohio corporation that carried on business on a regular basis with and attempted to obtain settlement and defense funds from an Ohio insurance company. *Genesis*, 425 F. Supp. 2d at 895. Section (A)(1) provides jurisdiction over a non resident who solicited business in Ohio and shipped goods to Ohio. *U.S. Sprint Communications Company Limited Partnership v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1052 (Ohio 1994). Section (A)(1) provides jurisdiction over out-of-state general partners, various general and limited partnerships and a CPA firm where the general partners regularly solicited Ohio residents to invest in limited partnerships, received funds from Ohio investors, regularly disseminated financial information to Ohio investors and conducted routine business in Ohio. *Goldstein v. Christiansen*, 638 N.E.2d 541, 544-45 (Ohio 1994). Section (A)(1) provides jurisdiction over a commercial non resident lessee where the lessee negotiated and, through the course of dealing, became obligated to make payments to its lessor in Ohio. *Kentucy Oaks Mall*, 559 N.E.2d at 480. Section (A)(1) provides jurisdiction over a foreign tobacco company whose American distributor provided an established distribution channel that included tobacco sales in Ohio. *State of Ohio ex rel. Attorney General v. Grand Tobacco*, No. 05AP-213, 2007 WL 275717 at *4-5 (Ohio Ct. App. Feb. 1, 2007). Section (A)(1) provides jurisdiction where a vehicle being sold to an Ohio resident was located in the non resident's state and the vehicle was picked up in the non resident's state but the negotiations and dealings were primarily in Ohio and the non

8

resident defendant regularly conducted business in Ohio. *Muzzin v. Brooks*, 859 N.E.2d 584, 588 (Ohio Ct. App. 2006). Section (A)(1) provides jurisdiction where a non resident client of an Ohio insurance consultant initiated the contact with the Ohio consultant and paid the Ohio consultant at the Ohio consultant's office. *Ricker*, 828 N.E.2d at 209-210. Section (A)(1) provides jurisdiction over a non resident where the non resident initiated business dealings in Ohio, communications took place between the Ohio resident and the non resident sent payments to the Ohio resident's office. *Ricker v. Bobcat of Orlando, Inc.*, No. 04AP-481, 2004 WL 2591244 at * 3 (Ohio Ct. App. Nov. 16, 2004). Finally, section (A)(1) provides jurisdiction over a non resident where the non resident corporation initiated discussions, negotiated a contract and, through the course of business dealings, became obligated to make payments to an Ohio corporation. *Hammill Manufacturing Co. v. Quality Rubber Products, Inc.*, 612 N.E.2d 472, 475 (Ohio Ct. App. 1992).

Courts have also found that personal jurisdiction pursuant to Section (A)(1) does not exist in a variety of circumstances. For example, Section (A)(1) does not provide jurisdiction where the non resident sold three products to an Ohio resident who solicited the sales, and the non resident did not solicit business in Ohio and did not own property in Ohio. *Buflod v. Von Wilhendorf*, LLC, No. CA2006-02-022, 2007 WL 210790 at * 3 (Ohio Ct. App. Jan. 29, 2007). Section (A)(1) does not provide jurisdiction where an off-shore defendant completed auditing services for off-shore affiliates of an Ohio insurance company, directed no correspondence to Ohio, had no contractual relations with persons in Ohio and had no operations in Ohio. *Benjamin,* 2005 Ohio App. LEXIS 1860 at *P48. Section (A)(1) does not provide jurisdiction where the non resident defendant did not initiate the negotiations, where there were no allegations that any negotiations or terms of the agreement affected Ohio and where the project

9

that was the subject of the agreement was not located in Ohio. *Shaker Construction*, 2008 WL 4346777 at *3. Section (A)(1) does not provide jurisdiction where the record does not show which party initiated the business dealings, where there was no evidence to suggest that the discussions and negotiations between the parties occurred in Ohio and where the terms of the alleged contract did not largely affect Ohio because payments to the plaintiff in Ohio was the only connection between the non resident and the Ohio plaintiff. *Paglioni,* 2007 WL 852055 at *9-10. Finally, section (A)(1) does not provide personal jurisdiction where the plaintiff initiated the contacts, where the non resident was not based in Ohio and had no agents or real property in Ohio and where the work performed was not in Ohio even though there were continuing communications between the non resident and the plaintiff located in Ohio. *Military Supply*, 2000 WL 109783 at *3.

In general, some or all of several factors were present when Section (A)(1) conferred jurisdiction. Among them are a distribution channel with sales in Ohio, a non resident who actively seeks sales in Ohio or initiates contacts in Ohio, goods shipped to Ohio, negotiations and dealings that took place primarily in Ohio and payment to an Ohio resident's address for services rendered. Factors present when personal jurisdiction, pursuant to Section (A)(1), was not conferred include isolated transactions where the non resident did not regularly conduct business in Ohio, where a non resident had no contractual relations with Ohio residents, where the non resident did not initiate contacts in Ohio, where the non resident had no operations in Ohio, where the project that was the subject of the dispute was not located in Ohio, and where the terms of the agreement did not affect Ohio.

**ANALYSIS**

Even with the Supreme Court of Ohio's broad definition of "transact," the jurisdiction evidence when viewed in a light most favorable to Plaintiff IFS does not weigh towards finding that this Court has personal jurisdiction over Defendant 212 Resources. As an Ohio corporation, it is understandable why IFS wishes to litigate this matter before this Court. However, in this particular instance, this Court does not have jurisdiction over 212 Resources, a business incorporated in Delaware with its places of business in the states of Utah, Texas and Wyoming. Despite IFS's attempts to give the impression that there was an ongoing business relationship between IFS and 212 Resources in the months leading up to the alleged breach, this Court finds that a business relationship did not exist between the two corporations. IFS's complaint states that IFS was selling parts to Defendant Custom Mechanical in Georgia, and that in turn Custom Mechanical was doing business with 212 Resources. (Complaint at ¶¶ 9, 10, 14.) While linear, this chain of events does not create a business relationship between IFS and 212 Resources. More pointedly, 212 Resources has not transacted business in Ohio simply because 212 Resources purchased parts from Custom Mechanical, who purchased parts from IFS, who manufactured the parts in Dayton.

Additionally, the phone call from 212 Resources to IFS in which 212 Resources stated, "Just get out here, if Custom Mechanical will not pay you, I will," (*Id.* at ¶ 20.), does not give this Court personal jurisdiction over 212 Resources. A single phone call over state lines is not enough to grant jurisdiction. In the cases where jurisdiction has been found, substantial negations typically must be found to have taken place on the phone or in the state of Ohio. Here there were no substantial negotiations as the phone call that IFS relied upon was an isolated incident. (*Id.*) Further, while numerous, the more than twenty phones calls prior to the formation of the alleged contract appear to be of an informative nature, describing the nature of

the problems, not of a negotiable back and forth communication between two corporations. (Morton Aff. at ¶¶ 4, 5.) Moreover, the alleged contract does not affect Ohio. The underlying project of this conflict is based wholly in Wyoming and the repair work was completed in Wyoming. (Complaint at ¶¶ 10, 14, 18-20.) In general, personal jurisdiction has not been found in cases where telephone negotiations were the basis of a contract and contract related to a project outside Ohio.

Finally, there is no indication by either party that once the repair work was completed there would be any ongoing, substantive contacts. Once again, this jurisdictional evidence learns against a finding that personal jurisdiction exists.

In sum, the jurisdictional evidence, when viewed in a light most favorable to IFS, does not show that 212 Resources transacted business in Ohio in accordance with the governing law. IFS has not made a prima facie showing that 212 Resources is subject to Ohio's long-arm statute.

**CONSTITUTIONAL DUE PROCESS**

The determination of whether personal jurisdiction over 212 Resources exists is a two step process. First, the court determines if personal jurisdiction exists under Ohio's long-arm statute. If so, the court determines if personal jurisdiction comports with the Due Process Clause of the U.S. Constitution.

In this case, when the jurisdictional evidence is viewed in a light most favorable to IFS, IFS has not made a prima facie showing that this Court has personal jurisdiction over 212 Resources pursuant to Ohio's long-arm statute. Therefore, this Court need not and does not consider whether personal jurisdiction over 212 Resources comports with the Due Process Clause of the U.S. Constitution.

**SUMMARY**

IFS has the burden of making a prima facie case that the exercise by this Court of personal jurisdiction over 212 Resources is authorized by Ohio's long-arm statute, Ohio Rev. Code § 2307.382, and that the exercise of personal jurisdiction by this Court over 212 Resources comports with the Due Process Clause of the U.S. Constitution. When the jurisdictional evidence before the Court is viewed in a light most favorable to IFS, IFS has not met this burden.

IFS alleges that 212 Resources is subject to personal jurisdiction under section (A)(1) of Ohio's long-arm statute. Based upon the jurisdictional evidence that is before the Court and viewed in a light most favorable to IFS, 212 Resources is not subject to personal jurisdiction under Section (A)(1) because they did not transact business in Ohio.

As IFS has not shown that 212 Resources is subject to personal jurisdiction under Ohio's long-arm statute, this Court need not and has not considered whether personal jurisdiction over 212 Resources comports with the Due Process Clause of the U.S. Constitution. The Defendants' Motion To Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Transfer Venue is **GRANTED**. IFS's claim against 212 Resources is **DISMISSED**.

As all parties have now been dismissed, the Clerk is **ORDERED** to **TERMINATE** the instant action from the docket of the United States District court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Monday, April 13, 2009.

s/Thomas M. Rose
─────────────────────────────
THOMAS M. ROSE

13

UNITED STATES DISTRICT JUDGE